IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
MAY - 2 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

v. Criminal Case No: 1:07cr26

WILLIAM SALLADA GILLILAND,
Defendant.

**OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned United States Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, William Sallada Gilliland, appeared before me in person and by counsel, George Cosenza, on April 20, 2007. The Government appeared by Michael Stein, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, William Sallada Gilliland, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on March 1, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and

the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides, pursuant to section 6B1.4 of the Guidelines:

(1) The proceeds of the mail fraud scheme alleged in the Information is approximately eight hundred ninety-nine thousand, seven hundred sixty-nine ($899,769) dollars.

(2) The victim has taken restitution in the amount of $290,254.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United

States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to the one-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be

imposed; understood he would be subject to three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; understood that the Court might order him to pay restitution; understood that the penalties also included forfeiture of Defendant's interest in the proceeds of the fraud scheme; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned United States Magistrate Judge further examined Defendant with regard to his understanding of the Forfeiture agreement contained in the written plea bargain agreement, and determined he understood that he had agreed to the entry of a forfeiture money judgment in the amount of $899,769.00, and agreed to satisfy said judgment within five (5) years after the filing of the plea bargain agreement. Defendant also understood he had agreed to the possible immediate forfeiture of the property listed in paragraph VII.B of the agreement, and the possible future forfeiture of the property listed in paragraph VII.C, in the event he failed to timely satisfy the forfeiture money judgment. Both parties understood that the United States would not file a motion to forfeit the property listed in paragraph VII.C. during the five (5) year period following the filing of the agreement. Defendant also understood and agreed to the entry of the protective order by the District Judge. Defendant also agreed that he had freely, knowingly, and voluntarily waived any statute of limitation that might be applicable to the offense charged.

The undersigned United States Magistrate Judge then had Tammy L. Gilliland, Defendant's wife, sworn, and inquired of her regarding her agreement as signed on the written plea agreement

and the agreed protective order. From said inquiry, the undersigned determined that Mrs. Gilliland understood that she was not charged; was not obligated to give testimony; had the right to assistance of counsel before giving testimony; had agreed to forfeiture of property rights and restitution as provided in the written plea bargain agreement; and agreed that she would not encumber any property as enumerated in the protective order and written plea bargain agreement. Mrs. Gilliland testified that she freely, willingly, knowingly, and voluntarily signed the written plea agreement and protective order; waived any right to an independent counsel regarding her own property rights; testified that she was not pressured, coerced or threatened or promised anything in return for signing the documents; and understood the protective order and authorized the District Judge to enter the protective order. She understood that by signing the plea agreement and protective order that she had agreed to refrain from asserting any legal interest in any of the property specified in paragraph VII. B, and further agreed that if, after five years from the date of the filing of the agreement, the defendant had failed to fully satisfy the money judgment, she would refrain from asserting any legal interest in any of the property specified in paragraph VII. C.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with mail fraud, in violation

of Title 18, United States Code, Section 1341.

The Court then heard the testimony of Government witness Randy Hayden and Defendant's allocution regarding why he believed himself guilty of the offense charged in the one-count Information.

Randy Hayden testified that he is a United States Postal Inspector assigned to investigate the charges underlying the Information. Through his investigation he determined that Defendant had engaged in a scheme to defraud Equitrans, a subsidiary of Equitable Resources Company. The scheme involved manipulation of the point where gas traveled from Mountain State Oil, which Defendant owned, to Equitrans. Defendant tampered with that point to allow gas to flow in the opposite direction from the way it was meant. The gas, which was supposed to go from Mountain State to Equitrans, was made to go from Equitrans to Mountain State. Mountain State then in essence sold Equitrans' gas back to Equitrans. The scheme was uncovered by an Equitrans employee. Mountain State, Defendant's company, had requested a certain meter (along with other meters) be removed in January 2000. Once the meter was removed, there was no reason for Equitrans to go past that point because no gas should have been flowing past that point. An employee on an access road noticed an oil sheen on the pipe – an indication that gas was traveling through the pipe. Upon closer inspection the employee could hear gas traveling through a pipe where it was supposed to be shut off.

Defendant received checks from Equitrans for the gas in an amount conservatively estimated through business records as $899,769.00. The one-count Information concerns one check that Defendant received from Equitrans in the amount of $85,455.45, via United States Postal Service first-class mail.

Defendant testified that he heard, understood, and agreed with all of Mr. Hayden's testimony. Thereupon, Defendant, William Sallada Gilliland, with the consent of his counsel, George Cosenza, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information. Defendant then testified he believed he was guilty of the crime charged in the one-count Information because he "did what [he] was accused of." He had the meter referred to by Mr. Hayden pulled along with other meters. The meter to which Mr. Hayden referred was set up so that the check valve was defeated to allow backflow of gas from Equitrans to Mountain State. That gas was then redelivered back to Equitrans. Defendant was therefore not entitled to a portion of the checks he received in the mail from Equitrans.

Based upon the testimony of Mr. Hayden, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information. That basis is supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; Defendant agreed to the entry of the protective order; and Defendant's plea is supported by the testimony of Mr. Hayden and Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea

of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It appearing that this was Defendant's first appearance before the Court, it is Ordered that Defendant is released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2 day of May, 2007.

John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE